1

2

3

4

5

6

7

8                            UNITED STATES DISTRICT COURT

9                       FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11    UNITED STATES OF AMERICA,                  No.  2:13-cv-0896 KJM AC

12              Plaintiff,

13        v.                                      ORDER AND

14    APPROXIMATELY $117,618.19 IN U.S.           FINDINGS & RECOMMENDATIONS
      CURRENCY SEIZED FROM BANK OF
15    AMERICA ACCOUNT NUMBER
      152273703, HELD IN THE NAMES
16    KAMAL SAEIDAH AND MARIAM
      SAEIDAH, ET AL.,
17
                Defendants.
18

19

20        Before the court is plaintiff United States of America's August 20, 2013 motion for

21    default judgment, requesting that default be entered against any right, title, or interests of

22    potential claimants Kamal Saeidah and Mariam Saeidah (collectively, "the Saeidahs") in

23    approximately $117,618.19 in U.S. Currency seized from Bank of America account number

24    152273703, held in the names Kamal Saeidah and Mariam Saeidah; approximately $5,555.27 in

25    U.S. Currency seized from Bank of America account number 6441633, held in the name Kamal

26    Saeidah; and approximately $1,703.76 in U.S. Currency seized from Bank of America account

27    number 152174024, held in the names Kamal Saeidah and Mariam Saeidah (the "defendant

28    funds") and that a final judgment be entered, forfeiting all right, title, and interest in the defendant

1

1  funds to the United States, to be disposed of according to law.  The court has determined that the

2  matter shall be submitted upon the record and briefs on file and accordingly, the date for hearing

3  of this matter shall be vacated.  Local Rule 230.  On review of the motion and good cause

4  appearing therefor, THE COURT FINDS AS FOLLOWS:

5                                             FACTUAL ALLEGATIONS

6           This is a civil action in rem brought by the United States for forfeiture of the defendant

7  funds.  The defendant funds were seized from Bank of America pursuant to a federal seizure

8  warrant on November 20, 2012 at 1130 K Street, Sacramento, California.  Compl. ¶ 8.

9           The Bank of America account number 152273703 was opened on February 17, 2010 in

10  the names Kamal Saeidah and Mariam Saeidah.  The Saeidahs are joint account holders and the

11  only authorized signers on the account.  Compl. ¶ 9.  The Bank of America account number

12  6441633 was opened on February 12, 2007 in the name Kamal Saeidah.  Id.  Kamal Saeidah is

13  the only authorized signer on the account.  Id.  Bank of America account number 152174024 was

14  opened on September 28, 2010 in the names Kamal Saeidah and Mariam Saeidah.  Id.  The

15  Saeidahs are joint account holders and the only authorized signers on the account.  Id.

16           Bank records identify 2304 Idaho Way, Yuba City, California and 971 Gray Avenue,

17  Suite 5, Yuba City, California as the relevant account addresses.  Compl. ¶ 9.  A review of Yuba

18  City business licenses revealed a business named "Dungeon," a smoke shop, located at 971 Gray

19  Ave, Suite 5, Yuba City, California.  Id. ¶¶ 10-11.  Dungeon's owner is listed as "Kamal Saeidel."

20  Id. ¶ 10.

21           Plaintiff accuses the Saeidahs, or someone acting on their behalf, of engaging in complex

22  currency transactions in order to evade certain financial record keeping requirements in violation

23  of currency reporting statutes.  The structured transactions occurred from November 23, 2011

24  through June 25, 2012, and reflect fifteen currency deposits totaling $68,496.00 into Bank of

25  America account number 6441633; sixteen currency deposits totaling $81,230.00 into Bank of

26  America account number 152273703, and three currency deposits totaling $3,755.00 into Bank of

27  America account number 152174024, all made in amounts under the currency transaction

28  reporting ("CTR") threshold of $10,000.01.  See 31 U.S.C. § 5324(a)(3).  See also Compl. ¶¶ 13,

                                                                2

1    15 (summary of deposit activity in the three accounts held by the Saeidahs).  Each cash deposit

2    was made at the Bank of America branch located at 1100 Butte House Road in Yuba City,

3    California.  Id. ¶ 14.  Bank of America records reflect that from November 23, 2011 through June

4    25, 2012, there were no individual cash deposits over $10,000 in any of the Bank of America NA

5    accounts maintained by the Saeidahs.  Id.

6                                  PROCEDURAL BACKGROUND

7            On May 7, 2013, plaintiff filed a complaint for forfeiture in rem against the defendant

8    currency.

9            On May 7, 2013, plaintiff mailed separate packets with copies of the complaint,

10   application and order for publication, warrant for arrest, order setting status (pretrial scheduling)

11   conference, standing order, and court notices by first class mail to Kamal Saeidah and Mariam

12   Saeidah at 2304 Idaho Way, Yuba City, California and at 971 Gray Avenue, Suite 5, Yuba City,

13   California.  Ford Decl. ¶¶ 3-6, Exs. A-D.  These documents were addressed to the Saeidahs

14   individually at both of the addresses, and were signed by them individually on May 8, 2013.  Id.

15           In addition, on May 16, 2013, the United States Internal Revenue Service personally

16   served the above-listed documents on Mariam Saeidah at 2304 Idaho Way, Yuba City, California.

17   Ford Decl. ¶ 7, Ex. E.  Kamal Saeidah was also personally served on May 16, 2013 at 971 Gray

18   Avenue, Suite 5, Yuba City, California.  Ford Decl. ¶ 8, Ex. F.

19           On May 8, 2013, the undersigned authorized publication of the forfeiture action via the

20   internet forfeiture website (www.forfeiture.gov) for at least thirty days.  ECF No. 4.  According to

21   plaintiff's Declaration of Publication (ECF No. 7), a Notice of Civil Forfeiture was published on

22   the official government internet site (www.forfeiture.gov) for thirty days beginning on May 9,

23   2013.  To date, no claim or answer has been filed on behalf of the Saeidahs.

24           On June 24, 2013, plaintiff moved for the Clerk's entry of default against the Saeidahs.

25   ECF No. 8.  On June 25, 2013, the Clerk of the Court entered default as to the Saeidahs.  ECF No.

26   9.  As indicated above, on August 20, 2013, plaintiff filed the motion for entry of default

27   judgment now pending before the court.  ECF No. 11.

28   ////

1                                          LEGAL STANDARD

2          A court has the discretion to enter a default judgment against one who is not an infant,

3     incompetent, or member of the armed services where the claim is for an amount that is not certain

4     on the face of the claim and where (1) the defendant has been served with the claim; (2) the

5     defendant's default has been entered for failure to appear; (3) if the defendant has appeared in the

6     action, the defendant has been served with written notice of the application for judgment at least

7     three days before the hearing on the application; and, (4) the court has undertaken any necessary

8     and proper investigation or hearing in order to enter judgment or carry it into effect.  Fed. R. Civ.

9     P. 55(b); Alan Neuman Productions, Inc. v. Albright, 862 F.2d 1388, 1392 (9th Cir. 1988).

10    Factors that may be considered by courts in exercising discretion as to the entry of a default

11    judgment and as to setting aside a default include the nature and extent of the delay, Draper v.

12    Coombs, 792 F.2d 915, 924-25 (9th Cir. 1986); the possibility of prejudice to the plaintiff, Eitel v.

13    McCool, 782 F.2d 1470, 1471-72 (9th Cir. 1986); the merits of plaintiff's substantive claim, id.;

14    the sufficiency of the allegations in the complaint to support judgment, Alan Neuman

15    Productions, Inc., 862 F.2d at 1392; the amount in controversy, Eitel v. McCool, 782 F.2d at

16    1471-72; the possibility of a dispute concerning material facts, id.; whether the default was due to

17    excusable neglect, id.; and, the strong policy underlying the Federal Rules of Civil Procedure that

18    favors decisions on the merits, id.

19          With respect to default judgments in proceedings that are in rem actions for forfeiture,

20    both the general Federal Rules of Civil Procedure and the Supplemental Rules for Certain

21    Admiralty and Maritime Claims ("Supp. R.") apply, but the latter rules prevail if there is an

22    inconsistency.  Supp. R. A(1).  Supplemental Rule G(1) provides that the rule governs a forfeiture

23    action in rem arising from a federal statute; to the extent that Rule G does not address an issue,

24    Supplemental Rules C and E also apply.  Supplemental Rule G, which took effect on December 1,

25    2006, incorporates a common-sense approach to notice grounded in defined and recognized

26    principles of due process of law.  Supp. Rule G, Adv. Comm. Note on 2006 Adoption.  The

27    Advisory Committee Note indicates that the rule was added to bring together the central

28    procedures governing civil forfeiture actions; it also states that the rule generally applies to

                                                     4

1    actions governed by the Civil Asset Forfeiture Reform Act of 2000 (CA FRA) as well as those

2    excluded from it; thus, the intended scope of application is very broad.  The rule permits

3    flexibility as to the time of service of any warrant and supplemental process.  Id.  The provisions

4    for notice incorporate the traditional means of publication and adopt the general principle that

5    notice should be effectuated by means reasonably calculated to reach potential claimants at a cost

6    reasonable in the circumstances, and actual notice precludes a challenge to the government's

7    failure to comply with the specific requirements of the rule set forth in Rule G(4)(b).  Id.

8                                                            ANALYSIS

9    1.       Judgment Sought

10          The court concludes that the notice given of the judgment sought satisfies Federal Rules

11   of Civil Procedure 55(d) and 54(c), which require that a judgment by default shall not be different

12   in kind from the relief sought, or exceed in amount that prayed for, in the demand for judgment.

13   In this regard, plaintiff expressly sought in the complaint the types of relief sought by the instant

14   application for default judgment, including a judgment of forfeiture of the defendant funds to the

15   plaintiff United States.

16   2.       Default and Entry of Default

17          The declarations and the court's own docket demonstrate that no person or entity made a

18   claim or answered the complaint within the requisite thirty-day period for filing a claim under 18

19   U.S.C. § 983(a) (4)(A) and Supp. R. G(5), and/or within the twenty-one-day period set forth in

20   Supp. R. G(5) for filing an answer thereafter.  Therefore, the Clerk appropriately entered the

21   default of potential claimant the Saeidahs on June 25, 2013.

22   3.       Notice

23          The Declaration of Publication by plaintiff filed on June 11, 2013 establishes that a notice

24   with the contents required by Supp. R. G(4)(a) was published on the official government internet

25   site for thirty consecutive days as required by Supp. R. G(4)(a)(iv) (c).

26          As to the potential claimants, the return of service establishes that both Kamal Saeidah

27   and Mariam Saeidah were served with the pertinent documents as set forth above.  Therefore, the

28   notice complied with the requirements of Supp. R. G(4)(b).

1    The undersigned concludes that plaintiff has demonstrated that it has given notice by

2    publication as well as the notice required to be given to potential claimants by Rule G(4).

3    4.      Legal Sufficiency of the Complaint

4            a.      Legal Standard

5    A default judgment generally bars the defaulting party from disputing the facts alleged in

6    the complaint, but the defaulting party may argue that the facts as alleged do not state a claim.

7    Alan Neuman Productions, Inc., 862 F.2d at 1392.  Thus, well pleaded factual allegations, except

8    as to damages, are taken as true; however, necessary facts not contained in the pleadings, and

9    claims which are legally insufficient, are not established by default.  Cripps v. Life Ins. Co. of

10   North America, 980 F.2d 1261, 1267 (9th Cir. 1992); TeleVideo Systems, Inc. v. Heidenthal, 826

11   F.2d 915, 917 (9th Cir. 1987).

12   Under the CA FRA, which applies to this case, the government must prove by a

13   preponderance of evidence that the property is subject to forfeiture.  18 U.S.C. § 983(c)(1).

14   Further, if the government's theory of forfeiture is that the property was used to commit or

15   facilitate the commission of a criminal offense, or was involved in the commission of a criminal

16   offense, the government must establish that there was a substantial connection between the

17   property and the offense.  18 U.S.C. § 983(c)(3).

18   Supplemental Rules for Certain Admiralty and Maritime Claims Rule G(2) requires that

19   the complaint in a forfeiture action in rem arising from a federal statute be: verified; state the

20   grounds for subject-matter jurisdiction and in rem jurisdiction over the defendant property as well

21   as venue; describe the property with reasonable particularity; identify the statute under which the

22   forfeiture action is brought; and state sufficiently detailed facts to support a reasonable belief that

23   the government will be able to meet its burden of proof at trial.

24           b.      The Complaint

25   The complaint filed in this action was verified.  Compl. 9.

26   The bases for jurisdiction are identified as 28 U.S.C. §§ 1345 and 1355(a) (jurisdiction of

27   civil proceedings commenced by the United States or an agency or officer thereof, and of actions

28   to recover or enforce penalties or forfeitures under acts of Congress, respectively).  Compl. 2.

6

1    The bases of venue are identified as 28 U.S.C. §§ 1355 (placing venue for a civil

2  forfeiture action where the acts giving rise to the forfeiture occurred) and 1395 (placing venue for

3  a civil forfeiture proceeding where the property is found).  Compl. 2.

4    The property is described in the complaint with reasonable particularity.

5    It is stated that plaintiff proceeds pursuant to 18 U.S.C. §§ 981(a)(1)(A), 984, and 31

6  U.S.C. § 5317(c)(2), and that the defendant funds, seized on November 20, 2012 at 1130 K Street,

7  Sacramento, California, constitute proceeds of, and/or property involved in, and/or facilitating

8  property of a violation of 31 U.S.C. § 5324(a)(1) and 31 U.S.C. § 5324(a)(3).

9    In the complaint there are alleged sufficiently detailed facts to support a reasonable belief

10  that the government would be able to meet its burden of proof at trial.  The complaint details 34

11  cash deposits made between November 23, 2011 and June 25, 2012 into Bank of America

12  accounts 152174024, 152273703 and 6441633 totaling $153,481.00.  Each cash deposit was

13  made at a Bank of America retail branch in Yuba City, California in an amount under the CTR

14  threshold of $10,000.01.  Additionally, Bank of America records reflect that from November 23,

15  2011 through June 25, 2012, there were no individual cash deposits over $10,000 in any of the

16  Bank of America NA accounts maintained by the Saeidahs.  During the same period there were

17  nine combinations of same day or consecutive day deposits that totaled over $10,000, and five

18  additional combinations of same day or consecutive day deposits that totaled over $9,000.

19    These facts support a reasonable inference that the defendant currency was subject to

20  forfeiture as proceeds of, and/or property involved in, and/or facilitating property of a violation of

21  31 U.S.C. § 5324(a)(1) and 31 U.S.C. § 5324(a)(3).  The totality of the circumstances reflects that

22  a substantial connection between the defendant funds and violations of these statutes.

23  5.    Status of Potential Claimants and Discretionary Factors

24    Here, no one has claimed an interest in the defendant funds or otherwise responded to the

25  complaint despite being provided adequate notice of these proceedings.  It does not appear that

26  there is any risk of mistake or excusable neglect on the part of anyone with a potential interest in

27  the property or of a dispute as to a material fact essential to the government's case.  No just cause

28  for delay appears.  There does not appear to be any reason why the general policy in favor of a

7

1    decision on the merits would warrant refusing to enter the requested default judgment.

2          Based thereon, the court finds that plaintiff has shown its entitlement to a default

3    judgment of forfeiture.

4          Accordingly, IT IS HEREBY ORDERED that the October 2, 2013 hearing on plaintiff's

5    motion for default judgment is vacated; and

6          IT IS HEREBY RECOMMENDED that:

7      1. The United States' motion for default judgment and final judgment of forfeiture (ECF

8         No. 11) be granted;

9      2. That judgment by default be entered against any right, title, or interests of potential

10        claimants Kamal Saeidah and Mariam Saeidah in the defendant funds referenced

11        herein;

12     3. That a final judgment be entered, forfeiting all right, title, and interest in the defendant

13        funds to the United States, to be disposed of according to law.

14         These findings and recommendations are submitted to the United States District Judge

15   assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days

16   after being served with these findings and recommendations, any party may file written

17   objections with the court and serve a copy on all parties.  Such a document should be captioned

18   "Objections to Magistrate Judge's Findings and Recommendations."  Any response to the

19   objections shall be served and filed within fourteen days after service of the objections.  The

20   parties are advised that failure to file objections within the specified time may waive the right to

21   appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

22   DATED: September 20, 2013

23

24   ALLISON CLAIRE
     UNITED STATES MAGISTRATE JUDGE

25

26
     /mb;usa0896.mdj
27

28

8